Herman J. **JONES**, as Administrator of the Estate of Lawrence P. Jones, Deceased; Herman J. Jones and Genevieve Jones, Plaintiffs-Appellants,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

Nos. 379, 616, Dockets 34116, 34301.

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1970.

Decided Feb. 10, 1970.

Lionel Alan Marks, New York City (Samuel Hershenstein, David M. Palley, New York City, on the brief), for plaintiffs-appellants.

Peter R. DeFilippi, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, Brian J. Gallagher, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiffs Herman J. Jones and Genevieve Jones appeal from a judgment of $16,910.28 in the United States District Court for the Southern District of New York, Edward Weinfeld, J., against defendant United States of America, growing out of the death of their 17-year-old son Lawrence P. Jones in 1963. The facts of that unfortunate occurrence are fully set forth in our opinion on an earlier appeal, 399 F.2d 936 (2d Cir. 1968). Suffice it to say that after our remand there, Judge Weinfeld in this non-jury case held defendant liable, 304 F.Supp. 94, for the death of Lawrence, who was killed when ejected from a speeding ambulance by the acts of a dangerous mental patient in the custody of the Veterans Administration. The judge found the following damages: $15,410.28, including medical and funeral expenses of $2,098.28, on the action brought by the parents for the pecuniary loss sustained by them; and $1,500 for decedent's conscious pain and suffering on the action brought by the father as administrator of his son's estate.

Appellants claim that these awards were based on mistakes of law and fact and were so inadequate as to be a denial of justice, particularly since the interest which New York State allows on the wrongful death action is not recoverable from this defendant. We have carefully reviewed the record before us and Judge Weinfeld's findings of fact and conclusions of law. While greater damages could properly have been awarded, we cannot say that the findings were clearly erroneous, that the conclusions of law were incorrect, or that the amounts fixed were so grossly inadequate as to shock our conscience. Caskey v. Village of Wayland, 375 F.2d 1004, 1007–1008 (2d Cir. 1967).

Judgment affirmed.